IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CURTIS JENSEN,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  1:07-cr-049 CW<br>(Related Case 2:18-cr-333)<br><br>Judge Clark Waddoups |

This matter is before the court on a Motion for Discovery filed by Defendant Andrew Curtis Jensen.  Mr. Jensen was sentenced in this action on July 13, 2010 to 70-months imprisonment and 120 months of supervised release.  Minute Entry (ECF No. 103).  After Mr. Jensen completed his prison term, he violated the terms of his supervision, which resulted in new charges being filed against him in Case No. 2:18-cr-333.  Mr. Jensen presently is imprisoned after pleading guilty to one of the counts in the 2018 action.

Although Mr. Jensen is in prison based on his 2018 case, his motion for discovery requests "a full and complete copy of my (2007) discovery [i]ncluding all crime scene photos, interviews, victim[] statements, police statements, and all federal search warrants."  Mot. for Discovery (ECF No. 138).  Mr. Jensen did not state the basis for his request.  Nor did he supply supporting law as to why he is entitled to the requested discovery.

In *United States v. Rhone*, No. 09-20133-07-JWL, 2014 U.S. Dist. LEXIS 90073 (D. Kan. July 2, 2014), another court addressed a similar request.  That court noted Rule 16(a)(1) of the Federal Rules of Criminal Procedure does permit a defendant to request discovery when the

discovery "is material to preparing the defense." *Id.* at *2 (quoting Fed. R. Crim P. 16(a)(1)(E)(i)). Once a person has been convicted, however, the rule no longer applies. *Id.* (citations omitted).

The *Rhone* court also addressed production of discovery pursuant to 28 U.S.C. § 2255. Although § 2255 provisions allow for discovery, the request "must be supported by specific allegations giving 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" *Id.* at *3 (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)) (other citations omitted). As in *Rhone*, however, Mr. Jensen has not moved for discovery under § 2255, nor does it appear § 2255 would apply even if Mr. Jensen had filed a motion under that section.

Because Mr. Jensen has failed to show a legal basis that entitles him to discovery, the court denies his Motion for Discovery (ECF No. 138). This order shall be mailed to Mr. Jensen at the address listed in his motion.

DATED this 25th day of September, 2023.

BY THE COURT:

_____
Clark Waddoups
United States District Judge